FILED

2016 NOV 21 PM 3:37

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
Orlando Division

RICHARD KNIGHT,

Plaintiff,

Case No.: 6:16-CV-2027-ORL-40-KRS

v.

DEARBORN NATIONAL LIFE INSURANCE COMPANY,

Defendant.
_______________________________________/

**COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Richard Knight, by and through undersigned counsel hereby files his Complaint against Defendant, Dearborn National Life Insurance Company, and says:

**I. JURISDICTION AND VENUE**

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

**II. PARTIES**

2. Plaintiff, Richard Knight ("Mr. Knight"), is a citizen of the United States of America and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, Dearborn National Life Insurance Company (hereinafter "Dearborn" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Middle District of Florida.

## III. FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, Dearborn operated under an inherent structural conflict of interest because of Dearborn's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Mr. Knight was employed with Blue Cross Blue Shield, as a Network Analyst. By virtue of his employment at Blue Cross Blue Shield, Mr. Knight was an eligible participant of the long-term policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Mr. Knight a monthly benefit in the event that he became disabled.

7. The long-term disability policy defined Disability, in pertinent part, as follows:

*Total Disability or Totally Disabled means that during the elimination period and the next 24 months of disability the insured is:*

1. *unable to perform all of the* ***material and substantial duties of his occupation on a full-time basis*** *because of a disability:*
    a. *Caused by injury or sickness;*
    b. *That started while under this coverage; and*
2. *after 24 months of benefits have been paid, the insured is unable to perform with reasonable continuity all of the material and substantial duties of his own or* ***any other occupation*** *for which he is or becomes reasonably fitted by training, education, experience, age and physical and mental capacity.*

8. Mr. Knight suffers from multiple medical conditions and symptoms, including, but not limited to: thoracic outlet syndrome, intermittent syncope, chronic pain syndrome,

postlaminectomy syndrome cervical and lumbar region, cervical spondylosis, myalgia, myositis, major depressive disorder, hypertension, myofascial pain syndrome, congestive heart disease, chronic headaches, impaired balance, reduced range of motion, and severe neck, back, hand, and shoulder pain.

9. Mr. Knight has been unable to perform the material and substantial duties of any other occupation for which he is reasonably fitted by training, education, experience, age and physical capacity, and has been under the regular care of doctors at all times material to this claim; he is disabled under the terms of the long-term disability policy.

10. Mr. Knight was forced to discontinue working on January 08, 2014, due to his disabling conditions.

11. In accordance with the procedures set forth by the long-term disability policy, Mr. Knight notified Defendant that he was disabled.

12. Defendant approved Mr. Knight's long term disability claim and issued benefits for the period of July 31, 2014 through February 28, 2015.

13. By letter dated June 03, 2015, Defendant terminated Mr. Knight's claim for benefits.

14. Mr. Knight timely appealed Defendant's decision to terminate his long-term disability benefits.

15. Defendant denied Mr. Knight's appeal by letter dated April 25, 2016.

16. Mr. Knight exhausted his appeals under ERISA.

17. In terminating Mr. Knight's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18. The termination of Mr. Knight's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

19. The termination of Mr. Knight's disability benefits was a breach of the fiduciary duties owed to Mr. Knight under ERISA. Defendant further failed to discharge its duties in respect to claims processing solely in the interests of Mr. Knight as a participant of long-term disability policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and says further that:

20. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

21. Plaintiff is entitled to the benefits identified herein because:

a. the benefits are permitted benefits under the policy;

b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

c. Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

22. Defendant has refused to pay the benefits sought by Mr. Knight, ignoring the medical records and clear opinions of his physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein and says further that:

23. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 23 as if fully stated herein and says further that:

24. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

25. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation.

26. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the employee benefit plan had he not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Richard Knight, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

***Respectfully submitted this 18th day of November, 2016.***

BY: *s/ Edward P. Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Geannina A. Burgos (FBN. 113242)
nina@longtermdisability.net
WAGAR DABDOUB, P.A.
1600 Ponce de Leon Blvd., Suite 1205
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, Richard Knight*